**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4648

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

LAWRENCE A. JORDAN,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, Senior
District Judge.  (1:09-cr-00409-CMH-1)

Submitted: April 29, 2011          Decided:  May 3, 2011

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Aamra S. Ahmad,
Assistant Federal Public Defender, Patrick L. Bryant, Research
and Writing Attorney, Alexandria, Virginia, for Appellant.
Neil H. MacBride, United States Attorney, Thomas J. Krepp,
Special Assistant United States Attorney, Alexandria, Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence A. Jordan appeals his conviction for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, he challenges the district court's denial of his motion to suppress evidence seized from his person and, pursuant to an inventory search, the vehicle he was driving. He also challenges the district court's denial of his motion to substitute counsel. Finding no error, we affirm.

On December 18, 2007, Jordan visited the Farrish Automobile dealership in Manassas Park, Virginia. Jordan completed a credit application for the purchase of a vehicle. Jordan presented a District of Columbia identification card displaying his photo, name, and address. The dealership manager noted various inconsistencies between the credit report and credit application and the photo identification provided. Based on the inconsistent information, the manager called the Manassas Park police because he believed Jordan was providing false information. At the time the police arrived, Jordan was out on a test drive in one of the dealership's cars with one the dealership employees. When Jordan returned from the test drive, Officer Sproule ordered him to exit the vehicle. However, Jordan avoided contact with the officer, and instead manipulated the CD player, rearview mirror, and gear shifter. Jordan exited

2

the vehicle after being requested to do so four times and being threatened with a taser. Officer Sproule conducted a pat down search and found a firearm in Jordan's jacket pocket. Pursuant to an inventory search, the police searched the car Jordan drove to the dealership and found ammunition.

The district court denied Jordan's motion to suppress the evidence, finding that "[t]here was reasonable suspicion that a crime had been committed. It was justified, the detention and the pat-down search . . . ." Jordan argues that the district court erred in denying the motion to suppress because the officer lacked probable cause to arrest him, and even if he had a reasonable suspicion to conduct an investigatory stop, there was no indication that he was armed and dangerous; therefore, a pat down search was illegal. The Government responds that the officer had probable cause to arrest Jordan and merely conducted the search immediately before arrest; that the officer had reasonable suspicion that criminal activity was afoot; and that there was reason to believe that Jordan was armed and dangerous.

We review factual findings underlying the district court's denial of a motion to suppress for clear error and legal conclusions de novo. United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009), cert. denied, 130 S. Ct. 1104 (2010). A factual finding is clearly erroneous if this court "on the

entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 337 (4th Cir. 2008) (internal quotation marks omitted). When a motion to suppress has been denied by the district court, this court construes the evidence in the light most favorable to the government. United States v. Farrior, 535 F.3d 210, 217 (4th Cir. 2008).

An officer may stop and briefly detain a person for investigative purposes when there is reasonable suspicion based on articulable facts that criminal activity is afoot. Illinois v. Wardlow, 528 U.S. 119, 123-24 (2000); United States v. Sokolow, 490 U.S. 1, 7 (1989); Terry v. Ohio, 392 U.S. 1, 30 (1968). Moreover, in connection with such a seizure or stop, if presented with a reasonable belief that the person may be armed and presently dangerous, an officer may conduct a protective frisk. Adams v. Williams, 407 U.S. 143, 146 (1972); United States v. Black, 525 F.3d 359, 364 (4th Cir. 2008); United States v. Mayo, 361 F.3d 802, 806-07 (4th Cir. 2004).

Whether there is reasonable suspicion to justify the stop depends on the totality of the circumstances, including the information known to the officer and any reasonable inferences to be drawn at the time of the stop. Sokolow, 490 U.S. at 8; Black, 525 F.3d at 364-65. Reasonable suspicion may exist even if "each individual factor 'alone is susceptible of innocent

4

explanation.'" Black, 525 F.3d at 365 (quoting United States v. Arvizu, 534 U.S. 266, 277 (2002)). Evasive behavior and alarmed reaction further support reasonable suspicion of criminal activity. United States v. Smith, 396 F.3d 579, 584 (4th Cir. 2005); United States v. Humphries, 372 F.3d 653, 657 (4th Cir. 2004); United States v. Lender, 985 F.2d 151, 154 (4th Cir. 1993).

The district court did not clearly err in determining that the officer had reasonable suspicion that criminal activity was afoot. It specifically made a finding of reasonable suspicion. Based on the inconsistencies in the credit application and photo identification provided and examining the totality of the circumstances, it was reasonable for Officer Sproule to believe that Jordan was attempting to engage in forgery or a stolen identification offense. There was testimony and argument regarding whether Sproule and the other officers had reason to believe that Jordan was armed and dangerous, thus permitting a pat down incident to the Terry stop. Although Jordan was in the process of evaluating a vehicle that he was unfamiliar with, this should not have impeded him from directing his attention to the officer and responding to him. The car's radio was not audible, the passenger-side door was open, and the employee had been escorted from the car. Officer Sproule was standing directly outside the driver's door and Jordan would not

acknowledge the officers until Officer Johnson stated that Jordan would be tased if he did not exit the vehicle. We have affirmed district court determinations that an officer had reason to believe that a defendant was armed and dangerous based on the defendant's evasive behavior. See Smith, 396 F.3d at 584; Humphries, 372 F.3d at 657; Lender, 985 F.2d at 154. Reviewing the evidence in the light most favorable to the Government, we conclude there was no error in denying the motion to suppress.

Next, Jordan contends that the district court erred in denying his request to substitute counsel. On the day trial was scheduled to begin, Jordan made remarks to the district court that caused it to order that Jordan undergo psychiatric testing to determine his mental competency to stand trial. After the evaluation was ordered, Jordan requested new counsel and stated that he wished to file for "ineffective assistance of counsel," and stated that he and his counsel were not communicating. The district court told Jordan that his attorneys were competent and experienced and that he would need to talk with his attorneys. The court then denied the motion. There were no further challenges to counsel in the remainder of the proceedings.

While a criminal defendant has a right to counsel of his own choosing, that right is "not absolute" but is limited so as not to "deprive courts of the exercise of their inherent

6

power to control the administration of justice." United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988). Thus, a defendant's right to substitute counsel after the court's initial appointment is restricted, and he must show good cause as to why he should receive substitute counsel. Id. In general, good cause exists when denying the request for substitute counsel would deny the defendant a constitutionally adequate defense. United States v. Johnson, 114 F.3d 435, 443 (4th Cir. 1997) ("A total lack of communication [between counsel and the defendant] is not required. Rather[,] an examination of whether the extent of the breakdown prevents the ability to conduct an adequate defense is the necessary inquiry.").

This court reviews for abuse of discretion the district court's ruling on a motion for substitution of counsel. United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004). When considering the district court's decision on a motion for substitution, we consider three factors: "(1) the "timeliness of [the motion]; (2) the adequacy of the court's inquiry into [the defendant's] complaint about counsel; and (3) whether [the defendant and defense counsel] experienced a total lack of communication preventing an adequate defense." Id.

Here, Jordan's motion was not timely, as it was made the day trial was scheduled to begin. With respect to the second factor, the district court's inquiry could have been more

7

complete.   However, viewing the evidence in the record, there was not an evident and significant breakdown in communication between Jordan and his attorneys.   There simply was no evidence of a total lack of communication between Jordan and his attorneys such that counsels' ability to adequately defend Jordan was imperiled.   This conclusion is bolstered by the context in which Jordan made the request.   He requested substitute counsel after he made statements that led the court to order a mental competency examination.   On balance, therefore, we conclude that the three factors weighed against granting the motion for substitute counsel and that the district court did not abuse its discretion in denying Jordan's motion.

We therefore affirm the judgment.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED